RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 5 / 24 / 11

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

SIDNEY S. WILLIS

VERSUS

H.P. LONG HOSPITAL, ET AL.

DOCKET NO. 11-CV-238; SEC. P

JUDGE DEE D. DRELL

MAGISTRATE JUDGE JAMES D. KIRK

## REPORT AND RECOMMENDATION

Before the Court is the civil rights complaint (42 U.S.C. § 1983) of Plaintiff Sidney S. Willis, filed pro se and *in forma pauperis*. Plaintiff is incarcerated at the Richwood Correctional Center (RCC) in Monroe, Louisiana. However, his complaint involves medical care and conditions of confinement at the Concordia Parish Correctional Facility. He names as defendants Huey P. Long Hospital, Concordia Parish Correctional Facility, Department of Corrections, Concordia Medical Staff, Russel Butler, Randy Maxwell, Deborah Cowan, Megan Wilkinson, Lynn Fleener, and Lana Vestal. He seeks only injunctive relief.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court.

### Plaintiff's Allegations

Plaintiff alleges that he suffers from severe headaches and back pain. He has made numerous complaints at the Concordia Parish jail. He was taken to Huey P. Long hospital in July 2010 for a series of back x-rays and an MRI of his head. When he filed this suit in February 2011, he complained that he had not been informed

of the results of the diagnostic tests. As of March 15, 2011, he had received a follow up appointment informing him that the MRI showed a brain tumor, about which he already knew. He had still never received the results of the x-rays.

### Law and Analysis

Plaintiff seeks injunctive relief against the jail in Concordia Parish, as well as employees of that facility. First, he asks that he be moved to another facility in order to receive better medical care. A prisoner has no constitutional right to be housed in a particular facility. Olim v. Wakinekona, 461 U.S. 238, 244-46 (1983). Nonetheless, Plaintiff was actually transferred; he is now housed at Richland Correctional in Ouachita Parish. The transfer of a prisoner out of an allegedly offending institution generally renders his claims for declaratory and injunctive relief moot. See Herman v. Holiday, 238 F.3d 660 (5th Cir. 2001)(citing Cooper v. Sheriff, Lubbock County, Tex., 929 F.2d 1078, 1081 (5th Cir. 1991). In order for Plaintiff's claim to remain viable, he would have to establish a "demonstrated probability" or a "reasonable expectation" that he would again be incarcerated at the Concordia Parish Correctional Facility. See Murphy v. Hunt, 455 U.S. 478, 482 (1982). Plaintiff has made no allegation or submitted any evidence indicating a reasonable likelihood that he would be returned to Concordia Parish Correctional. Plaintiff's claim should be dismissed.

Plaintiff also names the Huey P. Long Hospital as a defendant. The hospital is not a proper party defendant. A state-operated hospital such as Huey P. Long is operated by and is an alter ego of the State of Louisiana. LSA R.S. 17:1518.1. Thus, the hospital is entitled to sovereign immunity under the Eleventh Amendment. See Darlak v. Bobear, 814 F.2d 1055, 1059-60 (5th Cir. 1987). Likewise, Plaintiff's claim against the Louisiana Department of Corrections is barred by the Eleventh Amendment because the DOC is a state entity.

## Conclusion

Accordingly, **IT IS RECOMMENDED** that Plaintiff's complaint be dismissed in part as moot, and in part for failing to state a claim for which relief can be granted. *Should Plaintiff wish to seek relief from individuals at his new facility, Richwood Correctional, he can file suit in the Monroe Division of this District Court.*

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the**

date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglas v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED at Alexandria, Louisiana, this ___ day of May, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE